## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| KINGA POLITANSKA, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| EBULON FINANCIAL GROUP, LLC, | ) | **12 Person Jury Demanded** |
| ALEXANDER LOYFMAN and BERTON RING, | ) | |
| | ) | |
|    Defendants. | ) | |

### COMPLAINT AT LAW AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, KINGA POLITANSKA, by her attorneys, NETZKY OLSWANG LAW GROUP LLC and complains of the Defendants, EBULON FINANCIAL GROUP, LLC, ALEXANDER LOYFMAN, and BERTON RING as follows:

### Short Statement of the Case

1. This cause arises under the Constitution of the United States of America 5th and 14th Amendments because Defendants wrongfully obtained an eviction order from the Circuit Court of Cook County by "slipping in" Plaintiff's name into the Circuit Court of Cook County's order of eviction, even though Plaintiff was never named or served in the forcible detainer complaint. After obtaining the fraudulent order, Defendants caused Plaintiff to be evicted from her home of 17 plus years. Thus, depriving Plaintiff of due process of law. Counts I and II arise under the Due Process Clauses of the Illinois and United States Constitution. Count III sounds in wrongful eviction. Count IV sounds in trespass because without first lawfully evicting Plaintiff, Defendants entered upon property where Plaintiff had a possessory right without naming Plaintiff in the underlying eviction action, but inserting Plaintiff's name into the Circuit Court of Cook County's eviction order, without the consent of the court. The Circuit Court later

described Defendant's act of adding Plaintiff's name to the eviction order as "slipping it in" to the written order without disclosure to that court and without authority of that court. Count V sounds in fraud.

<h3 style="text-align:center;"><b><u>The Parties</u></b></h3>

2.    At all relevant times herein, the Plaintiff, Kinga Politanska ("Kinga") was and is a citizen of the State of Illinois residing in Cook County.

3.    At all relevant times herein, the Defendant, Ebulon Financial Group, LLC, ("Ebulon"), was and is a duly existing Illinois limited liability company.

4.    At all relevant times herein, the Defendant, Alexander Loyfman ("Loyfman") was and is a citizen of the State of Illinois residing in Cook County.

5.    At all relevant times herein, the Defendant, Berton Ring ("Ring") was and is a citizen of the State of Illinois residing in Cook County. Ebulon, Loyfman and Ring are herein collectively referred to as the "Defendants".

<h3 style="text-align:center;"><b><u>Jurisdiction and Venue</u></b></h3>

6.    This action arises under the fifth (5th) and fourteenth (14th) Amendments to the United States Constitution. This Court has jurisdiction in this action pursuant to 28 U.S.C. 1331 (Federal Question – Due Process) and 28 U.S.C. 1367 (Supplemental Jurisdiction).

7.    Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b) and (c) and § 1400(b) at least because all of the Defendants resides in this District and the facts giving rise to this complaint occurred in this District.

<h3 style="text-align:center;"><b><u>Facts Common to All Counts</u></b></h3>

8.    At a point in time unknown, but believed to be in the last week of September, 2022, Defendants caused to be issued a five-day notice identifying Plaintiff as a then occupant.

9. On October 5, 2022, Ebulon filed its Complaint sounding in forcible detainer ("Complaint") in the Circuit Court of Cook County seeking to evict Ewa Politanska and Unknown Occupants from the real property located at 1429 Granville Avenue, Park Ridge, Illinois 60068 ("Premises"). The Complaint did not name Plaintiff as a Defendant in the Cook County cause of action. Defendants did not serve Plaintiff with the Cook County forcible detainer complaint and no summons was issued for Plaintiff to respond in that matter.

10. On September 21, 2023, an Eviction Order was granted by the Circuit Court of Cook County. However, counsel for the Plaintiffs in the Forcible Detainer action, Berton Ring (Defendant herein), added Kinga Politanska to the eviction order without disclosure to the Cook County Circuit Court even though Kinga was not a named party in the Complaint.

11. The addition of Kinga's name, without authority of the Cook County Court, to the Court's order created a false document, in violation of the Illinois criminal forgery statute. See 720 ILCS 5/17-3 et seq.

12. The Cook County Sheriff, relying upon the written order, which included Kinga Politanska's name, forcibly removed Kinga from the Premises.

13. On November 17, 2023, a Motion to Vacate Void Orders and Quash Service ("Motion to Quash") was filed on behalf of Plaintiff in Cook County.

14. On January 30, 2024, the trial Court entered an Order granting the Motion to Quash by finding that Kinga Politanska was: i) in fact, a known occupant, and ii) was not made a proper party to the eviction complaint. A copy of the January 30, 2024, Order is attached hereto as Exhibit A.

15. On April 4, 2024, this Court denied the Defendant's Motion to Reconsider in the Cook County case and granted Kinga's Motion for Immediate Possession. A copy of the April 4,

3

2024, order of the Circuit Court of Cook County is attached hereto as Exhibit B.

16.     In denying the Plaintiff's Motion to Reconsider in that Cook County Case, the trial court made a serious finding of misconduct by Defendant Ring, wherein the court there stated "You called her a known occupant, sir. You called her a known occupant. And then you slipped her into the Order even though she wasn't anywhere. You slipped her in paragraph 5, I think. You slipped her name in there even though she was nowhere in the case. You put that in there, sir." Transcript, Page 6, Lines 9-14. A copy of the Transcript from the April 4, 2024 hearing is attached hereto as Exhibit C.

17.     Furthermore, this Court made a finding that "Mr. Ring, you put her name in that order without my permission if she wasn't part of the case, and that's why I am putting her back in." Transcript, Page 7, Lines 14-16.

18.     The trial Court was very clear that the case went "too fast and loose" and that the Court was "putting everybody back where they were because fast and loose doesn't work with evictions". Transcript, Page 10, Lines 1-13.

19.     Furthermore, on Page 12 of the Transcript, the Court concluded that fast and loose "is not due process", "You had her name on the five-day and then you slipped her name into the order and she wasn't part of the complaint" and "Don't talk to me about due process, Mr. Ring, because it starts with you." Transcript, Page 12, Lines 2-10.

20.     Kinga had resided at the Premises for close to 17 years prior to her illegal eviction from the Premises.

21.     Kinga incurred numerous expenses as a result of Defendants' illegal eviction that took place as a direct and proximate cause of Defendant Ring's felonious misconduct in slipping Kinga's Name into the final eviction order without the consent of the Circuit Court of Cook County.

4

22.     Initially, Kinga was forced to move quickly, she was unable to obtain a residence to move into on short notice.

23.     Since being illegally evicted from the Premises, Kinga has been living at various hotels.

24.     Kinga has incurred significant expenses related to hotels, movers, storage units, and attorneys' fees as a result of the illegal eviction undertaken against her by the Defendants.

## COUNT I

### (Article I, Section 2 of the Illinois Constitution – Due Process)

25.     Plaintiff incorporates Paragraphs 1 through 24 by reference as though fully alleged in this paragraph.

26.     Article 1, Section 2 of the Illinois Constitution provides that "[n]o person shall be deprived of life, liberty or property without due process of law nor be denied the equal protection of the laws."

27.     The Defendants violated Kinga's due process in a myriad of ways. Amongst them, as a direct and proximate cause of Defendants inclusion of her name in the Cook County eviction order without due process of law, Kinga was arrested for trespass.

28.     The Defendants denied Kinga possession of the Premises when they illegally included Kinga's name on the Order of Eviction, thus resulting in reliance by the Sheriff facilitating her wrongful eviction from the Premises.

29.     The Due Process Clause of the Illinois Constitution protects the rights of innocent Illinoisans from being evicted and thus being deprived of property rights without due process.

30.     The Defendants failed to make a demand for possession of the Premises on Kinga as well as trampled all over Kinga's rights by failing to file a Forcible Detainer Action against

her which is what Illinois law requires in order to evict a tenant from a property, whether residential or commercial.

31.    The Due Process Clause of the Illinois Constitution protects the rights of Illinoisans not to have their property taken before a final judgment has been entered.

32.    The Due Process Clause of the Illinois Constitution prohibits the deprivation of property rights without adequate procedural protections.

33.    Defendants' eviction of Kinga violates the right to due process of law under the Illinois Constitution.

34.    According to the Transcript, the trial Court found that the Defendants' actions clearly constituted a violation of Kinga's rights to due process.

**WHEREFORE,** the Plaintiff, Kinga Politanska, prays that this Honorable Court enter judgment in her favor and against the Defendants, Ebulon Financial Group, LLC, Alexander Loyfman, and Berton Ring, as follows:

      A.    Compensatory damages in an amount to be determined at trial for the above-described violation of the Due Process Clause of the Illinois Constitution;

      B.    An award of Plaintiff's costs and expenses, together with reasonable attorneys' fees under the applicable Illinois rule and 42 U.S.C. 1988;

      C.    For punitive damages against the Defendants; and

      D.    For such other and further relief as this Court deems fair and just.

## COUNT II

### (Fourteenth Amendment to the United States Constitution – Due Process)

35.    Plaintiff incorporates Paragraphs 1 through 34 by reference as though fully alleged in this paragraph.

36.     The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that no states shall "deprive any person of life, liberty or property without due process of law."

37.     At all relevant times herein, Kinga had a cognizable interest in the Premises under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive it of life, liberty or property.

38.     The Defendants actions were conducted in a manner which shocks the conscience, with deliberate indifference and/or reckless disregard for the life, liberty and property of Kinga.

39.     The Defendants have violated Kinga's due process in a myriad of ways.

40.     The Defendants denied Kinga possession of the Premises when Ring, attorney for the other Defendants, illegally included Kinga's name on the Order of Eviction thus resulting in her eviction from the Premises.

41.     The Due Process Clauses of the United States Constitution protects the rights of innocent people from being evicted by use of an illegal eviction and thus being deprived of property rights without due process.  See 5th and 14th Amend. U.S. Const.

42.     The Defendants failed to make a demand for possession of the Premises on Kinga as well as trampled all over her rights by failing to file a Forcible Detainer Action against Kinga which is what Illinois law requires in order to evict a tenant from a property, whether residential or commercial.

43.     The Due Process Clause of the United States Constitution protects the rights of people not to have their property taken before a final judgment has been entered.

44.     The Due Process Clauses of the United States Constitution prohibits the deprivation of property rights without adequate procedural protections.

7

45.     The Defendants' illegal eviction violates the right to due process of law under the United States Constitution.

46.     The Defendants violated the substantive and procedural due process rights of Kinga. Kinga had the right to be free from state actions that would deprive her of life, liberty, and property without due process of law. Defendants act of slipping into the Circuit Court of Cook County's order Kinga's name ought to shock the conscience of this Court.

47.     As a further direct and proximate result of the acts of the Defendants, including their violation of the constitutional rights of Kinga, Kinga has suffered damages and incurred attorneys' fees.

**WHEREFORE,** the Plaintiff, Kinga Politanska, prays that this Honorable Court enter judgment in her favor and against the Defendants, Ebulon Financial Group, LLC, Alexander Loyfman, and Berton Ring, as follows:

A.     Compensatory damages against the Defendants in an amount to be determined at trial for the above-described violation of the Due Process Clause of the United States Constitution;

B.     An award of Plaintiff's costs and expenses, together with reasonable attorneys' fees under the applicable Illinois rule and 42 U.S.C. 1988;

C.     For punitive damages against the Defendants; and

D.     For such other and further relief as this Court deems fair and just.

## COUNT III

### Wrongful Eviction

48.     Plaintiff incorporates Paragraphs 1 through 47 by reference as though fully alleged in this paragraph.

49.     Ebulon became the owner of the Premises in June, 2019 as a result of a Judicial Sale in a mortgage foreclosure action.

8

50.     The Defendants never served Kinga with a Demand for Possession or any type of notice to vacate the Premises in connection with the foreclosure complaint.

51.     The Defendants did not file a Forcible Detainer Action against Kinga in connection with the Premises.

52.     The Defendants were well aware that Kinga was residing at the Premises.

53.     The Defendants had no legal basis whatsoever to slip in Kinga's name on the Eviction Order and thus evict her from the Premises.

54.     Kinga has suffered significant damages as a result of the Defendants' wrongful and illegal eviction of her from the Premises.

**WHEREFORE,** the Plaintiff, Kinga Politanska, prays that this Honorable Court enter judgment in her favor and against the Defendants, Ebulon Financial Group, LLC, Alexander Loyfman, and Berton Ring, as follows:

A.      Compensatory damages against the Defendants in an amount to be determined at trial;

B.      For attorney's fees and costs associated with this action; and

C.      For such other and further relief as this Court deems fair and just.

## COUNT IV

### Trespass

55.     Plaintiff incorporates Paragraphs 1 through 54 by reference as though fully alleged in this paragraph.

56.     Ebulon became the owner of the Premises in June, 2019 as a result of a Judicial Sale in a mortgage foreclosure action.

57.     The Defendants never served Kinga with a Demand for Possession or any type of notice to vacate the Premises in connection with the foreclosure complaint.

9

58.     The Defendants did not file a Forcible Detainer Action against Kinga in connection with the Premises.

59.     The Defendants were well aware that Kinga was residing at the Premises.

60.     The Defendants had no legal basis whatsoever to slip in Kinga's name on the Eviction Order and thus evict her from the Premises.

61.     Had Kinga not arranged for movers on an expedited basis, all of her property at the Premises would have been disposed of.

62.     The Defendants are liable for trespass as it caused a thing or a third person to enter the Premises of Kinga through an intentional act.

63.     Kinga never gave the Defendants permission to enter the Premises nor did Kinga ever submit to the jurisdiction of the trial Court.

63.     Kinga has suffered significant damages as a result of the Defendants' intentional trespass into Kinga's right to quiet enjoyment of the Premises.

**WHEREFORE,** the Plaintiff, Kinga Politanska, prays that this Honorable Court enter judgment in her favor and against the Defendants, Ebulon Financial Group, LLC, Alexander Loyfman, and Berton Ring, as follows:

A.     Compensatory damages against the Defendants in an amount to be determined at trial;

B.     For attorney's fees and costs associated with this action; and

C.     For such other and further relief as this Court deems fair and just.

## COUNT V

### Fraud

64.     Plaintiff incorporates Paragraphs 1 through 63 by reference as though fully alleged in this paragraph.

65.     Defendants via their Counsel, Ring, made a false statement when he added Kinga's name to the Eviction Order of the Circuit Court of Cook County.

66.     The inclusion of the false statement that Kinga was a party to the forcible detainer action and that judgement entered against her was justifiably relied upon by the Cook County Sheriff.

67.     Kinga suffered damages as a direct proximate result of the false statement made by Defendants' attorney Ring and was displaced from her possessory interest in the Premises.

**WHEREFORE,** the Plaintiff, Kinga Politanska, prays that this Honorable Court enter judgment in her favor and against the Defendants, Ebulon Financial Group, LLC, Alexander Loyfman, and Berton Ring, as follows:

A.     Compensatory damages against the Defendants in an amount to be determined at trial;

B.     For attorney's fees and costs associated with this action; and

C.     For such other and further relief as this Court deems fair and just.

## DEMAND FOR JURY TRIAL

Now comes Plaintiff, Kinga Politanska, by and through her attorneys, Netzky Olswang Law Group, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

NETZKY OLSWANG LAW GROUP

By: */s/ Daniel Olswang*

Netzky Olswang Law Group
8605 West Bryn Mawr, Suite 309
Chicago, Illinois 60631
Direct: (847) 224-1169
dan@no-lawgroup.com

11