EXHIBIT C

1

1      IN THE MUNICIPAL COURT OF COOK COUNTY, ILLINOIS
              COUNTY DEPARTMENT, SECOND DISTRICT
2
       EBULON FINANCIAL GROUP, LLC,        )
3                                          )
                    Plaintiff,             )
4                                          )
                       vs.                 )  No. 2022 2003221
5                                          )
       KINGA POLITANSKA,                   )
6                                          )
                    Defendant.             )
7

8                  Record of proceedings before the Honorable

9      JAMES L. ALLEGRETTI, Judge of the Circuit Court of Cook

10     County, Illinois, before Anna Leonard, C.S.R., via Zoom

11     videoconferencing commencing at 10:03 a.m. taken on

12     April 4, 2024, upon the hearing of the above-entitled

13     case.

14

15

16

17

18

19

20

21

22

23                                             **COPY**

24

2

```
 1    PRESENT:

 2              BERTON N. RING, P.C.
               MR. BERTON N. RING
 3              123 West Madison Street, 15th Floor
               Chicago, Illinois 60602
 4              312.781.0290
               bring@bnrpc.com
 5
                    On behalf of the Plaintiff;
 6

 7              NETSKY OLSWANG LAW GROUP
               MR. DANIEL OLSWANG
 8              8605 West Bryn Mawr Avenue
               Chicago, Illinois 60631
 9              847.224.1169
               dan@no-lawgroup.com
10
                    On behalf of the Defendant.
11

12

13

14

15

16

17

18

19

20

21

22

23

24
```

```
1          THE COURT:  This is your motion to vacate the
2     Order of -- forgot the date.
3          MR. OLSWANG:  January 30th.
4          THE COURT:  Of what?
5          MR. OLSWANG:  January 30th.
6          THE COURT:  On that January 30th Order, that
7     January 30th Order said that the motion was granted, the
8     Court finds --
9          MR. RING:  That's fine.
10         THE COURT:  Mr. Ring, are you with me or are you
11    somewhere else?
12         MR. RING:  No, I'm with you, Judge.
13         THE COURT:  Thank you -- failed to comply with
14    203.1.  I went back and looked at that, and I recall
15    that that was why I did it, and I looked at your motion
16    to post.  You did not comply with 203.1 at all, not even
17    in the slightest.  I'm strict on it.  Your motion to
18    vacate is denied -- I'm sorry, your motion to reconsider
19    is denied because you did not comply with 203.1.  You
20    have absolutely -- at best you had publication, at the
21    very best, and you can't get any money on publication as
22    you know unless you got 203.1 authority and you didn't,
23    so your motion is denied.  All right?  That's it.
24    Anything else?
```

```
1            MR. OLSWANG:  Yes, your Honor, we have our
2   motion for immediate possession that is before you.  We
3   ask that Ms. Politanska, Kinga, be placed back into
4   possession immediately.  She has been living in a hotel.
5   All of her stuff is in storage.  She has four storage
6   lockers she is spending money on.  It's a mess, her
7   life, what she's going through right now.
8            THE COURT:  That's ordered too.  All right.
9   She's going back in.
10           MR. RING:  Judge, is there a way that maybe I
11  can say something on this argument that because --
12           THE COURT:  Go ahead and say it.  It's the same
13  thing we said before and it's the same thing we danced
14  all around yesterday.  All right.  203.1 jurisdiction is
15  strict.  You can't just get it for a willy-nilly reason.
16  You can't just throw it in an order and think you can go
17  in because you put 203.1 in an order, think you can go
18  in and somehow get personal jurisdiction.  You can't.
19           MR. RING:  Judge, if I can say something and you
20  can have an open mind on this case because I really
21  don't think you read anything and let me explain why if
22  I can just have a few minutes.
23           THE COURT:  Let me explain to you, sir.  I read
24  it all, and I read it last time as well.  Are we clear?
```

1    I read it.  I listened to you patiently yesterday
2    telling me I didn't understand this and I didn't
3    understand that.  I understood it, Mr. Ring.  I was
4    polite and let you go.  Well, now we are on the record,
5    and I'm telling you once again I understood it and you
6    didn't have 203.1 jurisdiction.  You put it in the
7    order, you didn't have it.  That's why I ruled against
8    you last time and that's not changing, sir.
9              MR. RING:  So let's talk about the case then,
10   Judge.  I'm not even sure if I understand your ruling,
11   but let's assume I do --
12             THE COURT:  Here's the ruling, just so we are
13   clear, Mr. Ring:  Your motion to vacate, that is denied.
14   Is that clear?  You understand that?
15             MR. RING:  I get it.  Now you are granting her
16   motion, you are granting Kinga's motion to her petition
17   to intervene, so now the case is re-opened because
18   that's how you phrased it in terms of her petition to
19   intervene even though she's moved out, she's been
20   evicted.  There is no money claimed against her, so now
21   she's a new party to this case, so now this case is
22   re-opened.  So now we would like to have a trial because
23   you granted her leave to get involved, and we need a
24   trial date, Judge.  We just can't have this case

1     hanging.

2            THE COURT:  Mr. Ring, you serve her.  She's

3     moving back in.  You want to do something about it, get

4     her served.  You haven't served her, okay?  You haven't

5     served her.

6            MR. RING:  Okay.  Let's set an alias summons

7     date to serve her, Judge.  If you are calling her a

8     known occupant, she didn't sign a lease.

9            THE COURT:  You called her a known occupant,

10     sir.  You called her a known occupant.  And then you

11     slipped her into the Order even though she wasn't

12     anywhere.  You slipped her in paragraph 5, I think.  You

13     slipped her name in there even though she was nowhere in

14     the case.  You put that in there, sir.

15            MR. RING:  Now, the Judge in December denied our

16     motion to get back into the property.  I don't even know

17     how you have jurisdiction to change that order and let

18     her back in today.

19            THE COURT:  Sir, listen to me.

20            MR. RING:  I don't even have a chance to respond

21     to her motion?  There is no due process here, Judge.

22     You got to give me due process.

23            THE COURT:  You are right.  Go ahead and respond

24     to the motion.

1        MR. RING:  I just got this motion two days ago,

2  and it's been denied once already.

3        THE COURT:  Well, I'm letting her back in today

4  period.

5        MR. RING:  I don't get a chance to respond or

6  argue against her motion after you denied it once?  It's

7  been denied once in December.

8        THE COURT:  Not today, sir.

9        MR. OLSWANG:  It was denied because of the fraud

10  that they did, that they put her name in that Order.  So

11  she had no choice but to come here.

12        MR. RING:  She's done nothing since December

13  when it was denied the first time.

14        THE COURT:  Mr. Ring, you put her name in that

15  order without my permission if she wasn't part of the

16  case, and that's why I am putting her back in.

17        MR. RING:  But, Judge, we have third-party

18  interest involved.  You have to take into consideration

19  third-party interest.  We have a contract to sell.  We

20  have people moving in next week.

21        THE COURT:  Mr. Ring, Mr. Ring, I take into

22  consideration fairness and justice, and that's what I'm

23  doing, sir, and I do not appreciate it when 203.1 is put

24  in the order.

```
1          MR. RING:  203.1 has nothing to do with it.  We
2    didn't serve her for 203.1.
3          THE COURT:  Yes, you did.  Yes, you did, sir,
4    and that's what you put in the order and when you put
5    her name in the order, evicting her.  We are done, sir.
6    Your motion is granted.  You are back in.  How much time
7    do you need to get back in?
8          MR. OLSWANG:  Judge, we want the keys today.
9          THE COURT:  All right.  When can you get the
10   keys, Mr. Ring?
11         MR. RING:  We are going to appeal this, Judge,
12   and we are going to ask for an expedited appeal.
13         THE COURT:  Good.  Take it up, Mr. Ring.
14         MR. RING:  Okay.  I will.  We have a right to do
15   that.
16         THE COURT:  Take it up.  In the meantime --
17         MR. RING:  It's just my right to appeal for my
18   client.  You are not understanding the case.
19         THE COURT:  You have an absolute right to
20   appeal, sir.  You take this up, okay?  In the meantime,
21   you are in, okay?
22         MR. OLSWANG:  Thank you.
23         Judge, may I have leave to file my motion
24   for sanctions against Plaintiff and Plaintiff's Counsel
```

```
 1    for the torture they put my client through?
 2            THE COURT:  You can file it.  I don't know what
 3    I'm going to do with it.
 4            MR. OLSWANG:  Then I will file it.  Thank you,
 5    Judge.  I'll draft the order.
 6            VOICE:  He didn't answer the question when can
 7    she get the keys.
 8            THE COURT:  When am I getting the keys,
 9    Mr. Ring?
10            MR. RING:  I don't know.  I haven't talked to my
11    client about it.  I think they are probably going to
12    refuse to do it.  We will probably have some contempt
13    hearing and then we are going to do an appeal, but --
14    she's ruined this place, Judge.  She caused over
15    $100,000 in damage.  There is a criminal case going on
16    against her because of the destruction.  She's a
17    criminal trespasser, Judge.  There is a criminal case
18    going against her.
19            THE COURT:  Mr. Ring, Mr. Ring, you interrupt me
20    one more time, sir.  Now you listen to me, here's the
21    problem with this case.  The problem with this case is
22    it went a little too fast and loose.  All right.  Too
23    fast and loose.  And now it's coming back to hold and we
24    are going to do it right.  I don't like fast and loose,
```

1    all right?  That's what happened here.  And that's why
2    we are where we are.  I am putting everybody back where
3    they were because fast and loose doesn't work with
4    evictions, sir.  It doesn't work, and it shouldn't.  So
5    don't play fast and loose.  If I'm not going to get the
6    keys, you tell me why.  I don't understand why, but if
7    you want to tell me why, that's fine.  You want to have
8    a contempt hearing, that's fine.  We will do whatever
9    you want, Mr. Ring, but the first thing you should
10   probably do is ask for an alias to issue and get it
11   moving because that's where it should have been in the
12   first place instead of having that name slipped into
13   that Order.
14          MR. RING:  But we need a pleading, Judge.  We
15   need a pleading by Kinga.  There is no pleading.  We
16   don't have a pleading against her.
17          MR. OLSWANG:  They need to amend the Complaint.
18          THE COURT:  Listen, you want to amend the
19   Complaint to put her in it?  You put her in the Order,
20   sir.  You slipped her into the Order and she wasn't in
21   the Complaint.
22          MR. RING:  So you can delete her from the Order.
23   It doesn't matter.  She moved out.  She was evicted.
24          THE COURT:  Then you got a 203.1 order for

1    service when you weren't entitled to it. I'm sorry,

2    Mr. Ring, fast and loose doesn't fly.

3           MR. RING: We served her under 107.5, not under

4    203.1.

5           THE COURT: Fast and loose doesn't apply.

6                No, you didn't, sir. She was never part of

7    the case. You slipped her in there, and you got a 203.1

8    order, which is strict, and you didn't comply with it,

9    and you know you didn't comply with it, so we are done,

10   sir. Give me the keys tomorrow. All right.

11          MR. OLSWANG: What time tomorrow? I will put it

12   in the order, Judge.

13          THE COURT: Fine. 10:00 o'clock tomorrow. We

14   are done.

15          MR. OLSWANG: Can we come back on Monday because

16   I have a feeling they are not going to do it?

17          THE COURT: Fine -- no, I won't be here Monday.

18   So come back. I don't know who is going to be here, but

19   I won't be here. I will be gone.

20          MR. RING: Judge, I just want a little due

21   process. You didn't give me a chance to respond in

22   writing to the motion. This is the second successive

23   motion, and now you are going to hold my client in

24   contempt? There is a little due process issue here,

1    Judge.

2            THE COURT:   Don't talk to me about due process.

3    All right?  I'm really good about due process.  Don't

4    talk to me about it when fast and loose has been going

5    on with this case because that is not due process, sir,

6    period.  If you got to serve that lady -- and don't tell

7    me you didn't.  You had her name on the five-day and

8    then you slipped her name into the order and she wasn't

9    part of the complaint.  Don't talk to me about due

10   process, Mr. Ring, because it starts with you.

11           Keys tomorrow.  We are done.  Order to

12   come.  Draft it now.

13                          (Which were all the proceedings

14                           had in the above-entitled

15                           cause.)

16

17

18

19

20

21

22

23

24

1    STATE OF ILLINOIS  )
                        )   SS:
2    COUNTY OF C O O K  )

3                I, ANNA LEONARD, Certified Shorthand

4    Reporter in and for the County of Cook, State of

5    Illinois, do hereby certify that I reported in shorthand

6    and thereafter transcribed the foregoing transcript of

7    proceedings.

8                I further certify that the foregoing is a

9    true, accurate and complete transcript of my shorthand

10   notes so taken as aforesaid; and further, that I am not

11   counsel for nor in any way related to any of the parties

12   to this action, nor am I in any way interested in the

13   outcome thereof.

14               I further certify that this certificate

15   applies to the original signed and certified transcript

16   only.  I assume no responsibility for the accuracy of

17   any reproduced copies not made under my control or

18   direction.

19                      /s/ Anna Leonard

20                      _____

21                      Anna Leonard, CSR

22                      No. 084-002182

23

24